Eric A. Liepins
ERIC A. LIEPINS, P.C.
12770 Coit Road
Suite 1100
Dallas, Texas 75251
Ph. (972) 991-5591
Fax (972) 991-5788

PROPOSED ATTORNEY FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| BBL BUILDERS, L.P. | § | |
| | § | CASE NO. 16-41880 |
| DEBTOR | § | |

MOTION FOR AUTHORITY TO PAY PREPETITION
WAGES, COMPENSATION AND EMPLOYEE BENEFITS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE BRENDA T. RHOADES:

COMES NOW, BBL Builders, L.P., ("Debtor"), as Debtor in possession, file this Motion for Authority to Pay Pre-Petition Wages (the "Motion"), requesting the Court to grant the Debtors the authority to pay certain prepetition wages, compensation and employee benefits, and respectfully represents as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 363 and 507. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**II. BACKGROUND**

3. The Debtor is engaged in the construction business Texas and the surrounding area. As a result of several non profitable jobs, the Debtor was behind in payments to vendors. The Debtor then sought bankruptcy protection.

### III. RELIEF REQUESTED AND BASIS THEREFOR

4. Prior to the Petition Date and in the ordinary course of its businesses, Debtor paid its employees wages, salaries, and other compensation and benefits. As employee obligations accrue on an ongoing and continuous basis, but are paid periodically, the intervening bankruptcy filing has resulted in the accrual of unpaid prepetition wages, salaries, commissions. By this Motion, Debtor seeks authority to pay certain prepetition obligations owing to the Debtor's employees, and on behalf of Debtor's employees, including, but not limited to, (i) amounts owed to employees for wages, salaries, incentives, and commissions; (ii) reimbursement of employee business expenses incurred in the ordinary course, such as travel, meals and lodging; (iii) maintenance of employee health and welfare plans; and (iv) other miscellaneous employee expenses and benefits (collectively, the "Prepetition Employee Obligations"). Debtor seeks authority to honor Prepetition Employee Obligations as payment of such obligations is critical to employee morale and future business needs.

5. It is axiomatic that continued loyalty of a Debtor's employees is a necessary component to any successful reorganization. The filing of a chapter 11 petition is a stressful and uncertain time for a Debtor's employees, most of whom are not familiar with the nuances of bankruptcy that many practitioners often take for granted. Such stress and uncertainty often cause poor employee morale just at that critical time when a debtor needs its employees to be most loyal. Low morale may be further compounded if certain employees perceive themselves to have received less favorable treatment than others. Moreover, some employees live paycheck to paycheck and would suffer severe adverse consequences if they failed to receive their full compensation. Additionally, the overwhelming majority of such claims would be entitled to priority treatment under 11 U.S.C. § 507.

6. Honoring Debtor's Prepetition Employee Obligations will minimize the hardship that employees will certainly endure if payroll is interrupted and will prevent the wholesale loss of employees that would ensue if the employees lost the reasonable expectation that they will be paid for their work. As such, Debtor seeks to continue to compensate employees and provide benefits in the ordinary course without regard as to when the applicable wages were earned or benefits were accrued. Attached hereto as **Exhibit A**, is a summary of the Prepetition Employee Obligations that Debtor proposes to pay.

7. In the ordinary course of their businesses, and as is customary for most large corporations, Debtor maintains various employee benefit plans and policies that provide eligible employees with medical, dental, prescription drugs, disability and life insurance, employee savings, and other similar benefits (collectively, the "Employee Benefits").

## V. APPLICABLE AUTHORITY

A.  **Payment of Prepetition Debt is Allowed Under Certain Circumstances**

8. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The purpose of § 105(a) is to "assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." COLLIER ON BANKRUPTCY ¶ 105.01 (15th ed. Rev. 2007).

9. However, to invoke the equitable powers of § 105(a), the Court must first rely upon a specific provision of the Bankruptcy Code in support of the relief requested in the motion. *In re Oxford Mgmt., Inc.,* 4 F.3d 1329, 1334 (5th Cir. 1993); *In re CoServ, L.L.C.,* 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). As provided in *In re CoServ,* Bankruptcy Code §§ 1107(a) and 1106 provide such a bridge in this case. Section 1107(a) provides that a debtor in possession shall perform all the functions and duties as a trustee under the Bankruptcy Code. "Implicit in the duties of a

Chapter 11 trustee or a debtor in possession as set out in Sections 1106 and 704 of the Bankruptcy Code is the duty to protect and preserve the estate, including an operating business's going-concern value." *In re CoServ,* 273 B.R. at 497.

10. Moreover, it is well-established by case law that, under certain circumstances, a debtor may make pay certain prepetition claims in the performance of the debtor's fiduciary duty to preserve the estate and the business's going-concern vale. *See, e.g., Miltenberger v. Logansport Ry.,* 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of . . . [crucial] business relations"); *In re CoServ,* 273 B.R. at 497 (noting that "it is only logical that the bankruptcy court be able to use section 105(a) of the Code to authorize satisfaction of a prepetition claim in aid of preservation or enhancement of the estate").

**B. The Doctrine of Necessity and the *CoServ* Test**

11. Courts have developed the "Doctrine of Necessity" (also known as the "Necessity of Payment Rule") for use in determining whether such payment of prepetition obligations is permissible. *See In re Just for Feet, Inc.,* 242 B.R. 821, 825-26 (D. Del. 1999) (developing and discussing the doctrine); *In re CoServ,* 273 B.R. at 491-93 (discussing the doctrine). Generally, the Doctrine of Necessity provides that a debtor may pay prepetition obligations if such payments are critical to the debtor's reorganization.

12. This Court, in *CoServ,* analyzed the Doctrine of Necessity and held that a debtor must demonstrate the following three elements in order to meet the "necessity" requirement: (1) the debtor must deal with the claimant; (2) a failure to deal with the claimant risks probable harm or eliminates an economic advantage disproportionate to the amount of the claim; (3) there is no practical or legal alternative to payment of the claim. *In re CoServ,* 273 B.R. at 498.

13. For the reasons stated below, the payment of the Prepetition Employee Obligations pursuant to the Order will meet each of the three elements set out in *In re*

*CoServ.*

14. Debtor's inability to pay the outstanding Prepetition Employee Obligations will cause employees to endure significant stress, hardship and suffering. The effect of this disruption in employee morale will likely cause significant disruption to run throughout the enterprise. Many employees simply live from paycheck to paycheck and rely exclusively on receiving their full compensation to pay their daily living expenses. Furthermore, many employees rely on their employee benefits, such as Health Benefits, without which they would be forced to pay for or go without insurance coverage for themselves and their families. As a result, these employees will be exposed to significant financial and health related problems if Debtor is not permitted to honor the unpaid Prepetition Employee Obligations. If these employees unilaterally terminate their employment for failure to receive the compensation set forth herein, which is a very real possibility given the state of today's competitive employment market Debtor's ability to maintain and preserve the value of their estates may be forever lost.

15. In addition, amounts withheld by Debtor from employees' paychecks represent, in many cases, employee earnings specifically designated by employees or, in the case of garnishments, by judicial authorities, to be deducted from employee paychecks and paid accordingly. The failure to make these payments will result in hardship to certain employees. Debtor expects to be inundated with a multitude of inquiries from garnishors and other designated recipients regarding Debtor's failure to submit, among other things, taxes, child support and alimony payments which are not Debtor's property, but rather have been withheld from employee paychecks. Moreover, if Debtor is are unable to remit certain of these amounts, the employees could face legal action and/or imprisonment.

16. Debtor's employees are an essential component of a successful reorganization. Any deterioration in employee morale and welfare at this critical time undoubtedly would have a devastating impact on Debtor, the value of its assets and businesses, and ultimately, Debtors ability to reorganize. Accordingly, the relief sought hereby is in the best interests of Debtor's estate and

creditors, and will allow Debtor to continue to operate their businesses with minimal disruption and proceed with the important task of stabilizing their operations.

Moreover, § 507(a) of the Bankruptcy Code provides that the Prepetition Employee Obligations, subject to certain conditions, are afforded priority distribution up to $12,475. 11 U.S.C. §507(a)(4). Accordingly, Debtor's employees may be entitled to a priority distribution for prepetition amounts owed, the relief requested herein in essence addresses mostly timing of payment of employee claims rather than the treatment of claims for distribution purposes. Absent prompt payment of amounts owed in connection with the Prepetition Employee Obligations, it is likely that employee morale and support will be impaired. As many of Debtor's employees rely on the timely receipt of their paychecks and/or reimbursement for expenses, any delay in paying amounts owed in respect of the Prepetition Employee Obligations could cause such employees serious hardship. Any such deterioration in employee morale and welfare at this critical time undoubtedly will have a devastating impact on the value of Debtor's assets and businesses.

## VI. NOTICE

Notice of this Motion has been provided to the Office of the United States Trustee for the Eastern District of Texas, the Debtors' secured creditors, the consolidated 20 largest unsecured creditors of the Debtors, certain governmental entities, counsel and parties-in-interest. No other or further notice need be provided.

## VII. CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court grant the relief requested herein; approve payment of the Prepetition Employee Obligations and grant Debtor such other and further relief as is just and proper.

Respectfully submitted,


__/s/ Eric Liepins_____

ERIC A. LIEPINS
ERIC A. LIEPINS, P.C.
12770 Coit Road
Suite 1100
Dallas, Texas 75251
 (972) 991-5591
 (972) 991-5788 - telecopier

PROPOSED ATTORNEYS FOR DEBTOR


CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Motion was sent via telecopier to the United States Trustee, 110 North College Street, Suite 300, Tyler Texas 75702 and to the 20 largest unsecured creditors on the attached matrix on this the 14th day of October 2016.

                                                                      __/s/ Eric Liepins _____
                                                                        Eric Liepins