
EOD
01/03/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| BBL BUILDERS, L.P. | § | |
| | § | Case no.16-41880 -11 |
| | § | |
| | § | |
| | § | CHAPTER 11 |
| DEBTOR | § | |

**AGREED ORDER APPROVING MOTION FOR AUTHORITY TO PAY PRE-PETITION TRUST FUND CREDITORS**

On this date the Court considered the *Motion for Authority to Pay Prepetition Trust Fund Creditors* [Dkt 111] (the "Motion") filed by BBL Builders, L.P. ("Debtor") seeking authority to pay retainage trust funds to certain subcontractors on the Parc at Mansfield project performed by Debtor for PAM Residential LP, such Motion having been filed pursuant to 11 U.S.C. § 507. The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure and that it contained the appropriate negative notice language pursuant to LBR 9007. The Court further finds that Tealstone Commercial, Inc., ("Tealstone") and CLP Management Inc., dba Country Living Pools ("CLP") have timely filed objections to the Motion (the "Objections"). An agreement has been reached between Debtor, Tealstone and CLP with respect to the Objections to the Motion. Accordingly, the Court finds that good cause exists for the entry of the following order.

    **IT IS THEREFORE ORDERED** that the Motion is hereby APPROVED subject to the terms and conditions set forth herein.

**IT IS FURTHER ORDERED** the Debtor is authorized to and shall make payment from the retainage trust funds on the Parc at Mansfield project to those parties listed on and in the amounts set forth on Exhibit A attached hereto and incorporated herein for all purposes by no later than ten calendar days after the date of entry of this Order. For the avoidance of doubt, if the Debtor's creditors that will be paid under this Order continue to have a balance in their claims against the Debtor after receipt of such payment, then those claims in those amounts will continue, such that the payments made under this Order will not result in an accord and satisfaction of those claims.

**IT IS FURTHER ORDERED** that notwithstanding anything to the contrary herein or in the Motion, Tealstone shall be paid the sum of $34,892.19 in retainage funds on the Parc at Mansfield project pursuant to this Order (the "Tealstone Order Amount"). Until the Tealstone Order Amount is paid in full by Debtor to Tealstone, Tealstone shall not be required to release any right related to the Tealstone Order Amount it may have nor shall Tealstone be prejudiced in any way with respect to any such right, including but not limited to the right (1) to assert a lien against retainage funds on the Parc at Mansfield project; (2) to assert a lien against any real or personal property of Debtor or any other person against which applicable law may provide Tealstone a lien; (3) to assert and seek allowance of a proof of claim against Debtor; (4) to seek relief from the automatic stay of 11 U.S.C. §362; (5) to assert any rights against Debtor or any other person which Tealstone may have pursuant to the Texas Construction Trust Fund Act, Texas Prop. Code 162.001, et. seq.; and (6) to assert any other rights it may have under applicable bankruptcy or nonbankruptcy law. Notwithstanding anything to the contrary herein or in the Motion, Tealstone shall not be required to release any right related to any amount that remains unpaid to Tealsone in connection with the Parc at Mansfield project after the payment

by Debtor to Tealstone of the Tealstone Order Amount (the "Tealstone Unpaid Amounts") nor shall Tealstone be prejudiced in any way with respect to any such right, including but not limited to the right (1) to assert a lien against retainage funds on the Parc at Mansfield project; (2) to assert a lien against any real or personal property of Debtor or any other person against which applicable law may provide Tealstone a lien; (3) to assert and seek allowance of a proof of claim against Debtor; (4) to seek relief from the automatic stay of 11 U.S.C. §362; (5) to assert any rights against Debtor or any other person which Tealstone may have pursuant to the Texas Construction Trust Fund Act, Texas Prop. Code 162.001, et. seq.; and (6) to assert any other rights it may have under applicable bankruptcy or nonbankruptcy law.

**IT IS FURTHER ORDERED** that notwithstanding anything to the contrary herein or in the Motion, CLP shall be paid the sum of $27,819.19 in retainage funds on the Parc at Mansfield project pursuant to this Order (the "CLP Order Amount").  Until the CLP Order Amount is paid in full by Debtor to CLP, CLP shall not be required to release any right related to the CLP Order Amount it may have nor shall CLP be prejudiced in any way with respect to any such right, including but not limited to the right (1) to assert a lien against retainage funds on the Parc project; (2) to assert a lien against any real or personal property of Debtor or any other person against which applicable law may provide CLP a lien  (3) to assert and seek allowance of a proof of claim against Debtor; (4) to seek relief from the automatic stay of 11 U.S.C. §362; (5) to assert any rights against Debtor or any other person which CLP may have pursuant to the Texas Construction Trust Fund Act, Texas Prop. Code 162.001, et. seq.; and (6) to assert any other rights it may have under applicable bankruptcy or nonbankruptcy law.  Notwithstanding anything to the contrary herein or in the Motion, CLP shall not be required to release any right related to any amount that remains unpaid to CLP in connection with the Parc at Mansfield

project after the payment by Debtor to CLP of the CLP Order Amount (the "CLP Unpaid Amounts") nor shall CLP be prejudiced in any way with respect to any such right, including but not limited to the right (1) to assert a lien against retainage funds on the Parc at Mansfield project; (2) to assert a lien against any real or personal property of Debtor or any other person against which applicable law may provide CLP a lien; (3) to assert and seek allowance of a proof of claim against Debtor; (4) to seek relief from the automatic stay of 11 U.S.C. §362; (5) to assert any rights against Debtor or any other person which CLP may have pursuant to the Texas Construction Trust Fund Act, Texas Prop. Code 162.001, et. seq.; and (6) to assert any other rights it may have under applicable bankruptcy or nonbankruptcy law.

Signed on 1/3/2017

_Brenda T. Rhoades_   SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE