

EOD
03/01/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| BBL BUILDERS, LLC | § | CASE 16-41880 |
| | § | |
| DEBTOR | § | |

## ORDER APPROVING DEBTOR'S MOTION FOR APPROVAL OF SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES

Came On to Be considered this day the Debtor's *Motion for Approval of Sale of Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances* (the "Sale Motion").

The Court hereby finds and determines that:

1. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, as made applicable to these proceedings pursuant to Fed. R. Bankr. P. 9014. To the extent that any finding of fact shall later be determined to be a conclusions of law, its shall so be deemed and vice versa.

2. The Debtor has concluded in its sound business judgment to sell the Assets described in the Motion.

3. The statutory predicates for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002 and 6004.

4. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(M), 157(b)(2)(N), 157(b)(2)(O) and 1334.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Proper, timely, adequate and sufficient notice of the Motion and the hearing on the

proposed sale has been provided in accordance with Sections 102(1) and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, 9007 and 9014 and the Local Rules of this Court; such notice was good and sufficient, and appropriate under the particular circumstances; and no other or further notice of the Motion, the hearing on the Motion or the entry of this Order shall be required.

7. A reasonable opportunity to object and be heard regarding the requested relief in the Motion has been afforded to all interested parties and entities.

8. Exigent business reasons exist for sale of the Assets to Purchaser.

9. The Debtor's Assets have been adequately marketed and will lose value absent a sale.

10. The Debtor has articulated sound business reasons for entering into the sale of the assets.

11. The Purchase Price to be paid by Bette Cring, LLC ("BCL") is fair and constitutes reasonably equivalent values and reasonable market values of the Assets.

12. BCL is a good faith purchaser, as that term is used in Section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby. No party in interest has engaged in any conduct that would cause or permit the agreements or the transactions contemplated therein (including the sale of the Assets) to be voided under Section 363(n) of the Bankruptcy Code.

13. Upon the issuance of this Order, the Debtor shall have (i) authority, and is directed to execute and deliver the purchased Assets to the Purchasers; and (ii) no consents, approvals or further orders are required for the Debtor to consummate the sale contemplated by the Sale Motion.

14. All of the requirements of Section 363(b) of the Bankruptcy Code have been satisfied.

15. Any liens or claims which existed prior to the Closing shall attach to the proceeds of the sale of the Assets (the "Sale Proceeds") paid to the Debtor.

16. The sale of the Assets is in the best interests of the Debtor's estate and its creditors and equity security holders and is otherwise in the public interest.

17. The Court conducted the Sale Hearing and considered the pleadings filed with respect to the Sale Motion, the evidence presented, the stipulations and agreements between the parties announced to the Court and the statements and arguments of respective counsel for the Debtor and other interested parties who made an appearance on the record of the Sale Hearing.

18. It appears that the relief requested in the Sale Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest.

19. The transaction described in the Sale Motion is hereby approved in part by this Order.

Accordingly, for good cause shown, it is ORDERED as follows:

1. The Sale Motion is granted and approved in all respects as to the sale and/or assignment of the Avilla project.

2. The sale of the Avilla Assets from the Debtor's estate to Purchaser shall be and hereby is free and clear of all liens, claims, encumbrances and interests pursuant to Section 363(f) of the Bankruptcy Code, including without limitation the liens and encumbrances securing the assets. Any such liens, claims, encumbrances and/or interests shall attach to the proceeds of the sale to be held by the Debtor for

      distribution in accordance with the provisions of this Order, or further orders of this Court, except as provided herein.

3. As part of the sale of the Avilla Project as set forth in the Motion, all subcontracts referred in the Court's November 10, 2016 Order (Docket No. 80) are hereby assigned to BCL and all other terms of the Court's November 10, 2016 Order are incorporated herein and assigned to BCL. Payments to BCL on account of labor or materials provided by Tealstone Commercial, Inc. will continue to be made by joint check.

4. The Sale of the Vehicles as set forth in the Sale Motion is denied without prejudice.

.

          Signed on 3/1/2017

*Brenda T. Rhoades*  SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE